# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ERIC LASHONE PRINGLE,<br>Plaintiff, | CIVIL ACTION NO.<br>1:09-CV-0147-TCB |
| v. | |
| GEORGIA REGIONAL<br>HOSPITAL; et al.,<br>Defendants. | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, Eric Lashone Pringle, has submitted this civil rights action against the Georgia Regional Hospital ("GRH"), Dr. Andrea Elkon, Marty Mitchell, Dorsey Hilliard, Frank, Octavious Dominiguez; and Dr. Jaymee Short (collectively referred to herein as "Defendants"). [See Doc. 6]. This matter is presently before this Court on (1) Defendants' motion to dismiss the amended complaint pursuant to Federal Rule

of Civil Procedure 12(b)(6) [Doc. 24-1];[1] and (2) Defendants' motion to stay proceedings [Doc. 25].

I. **Background**

Plaintiff's allegations and claims in his amended complaint arise in connection with his stay as a pretrial detainee at the GRH. [Doc. 6 at 2-4]. Plaintiff alleges the following pertinent facts:

(1) Plaintiff "notified doctors [at the GRH] of [his] objection to participating in treatment or experiments and taking medications;"

(2) despite this notification, Defendants Hilliard, Mitchell, Tucker, Dominiguez, and Dr. Short forced Plaintiff to take certain medications and to receive certain treatment;

---

[1] As noted above, Plaintiff lists one of the individual defendants as "Frank." [Doc. 6 at 3]. In their motion to dismiss, Defendants identify "Frank" as "Franklyn Tucker." [Doc. 24-1 at 1]. Accordingly, the Clerk of Court is **DIRECTED** to substitute "Franklyn Tucker" as a defendant in place of "Frank."
Plaintiff also lists an individual defendant as "Octavious Dominiguez." In their motion, Defendants identify this individual as "Octavio Dominguez." Accordingly, the Clerk of Court is **DIRECTED** to substitute "Octavio Dominguez" as a defendant in the place of "Octavious Dominiguez."
Plaintiff also lists an individual defendant as "Jaymee Short." In their motion, Defendants identify this individual as "Jamie Short." Accordingly, the Clerk of Court is **DIRECTED** to substitute "Jamie Short" as a defendant in the place of "Jaymee Short."

(3) Elkon defamed Plaintiff by "stating that [he has] a mental illness without completing any evaluation;"

(4) Dr. Elkon's "unfounded report ultimately brought about continued confinement and denial of due process;" and

(5) in connection with the alleged injections of unwanted medications, various defendants forced Plaintiff to the ground, placed a knee into his neck, grabbed the back of his head, restrained his hands and feet, and threw him into a secluded room for several hours.

[Id. at 3-4]. Plaintiff seeks monetary damages as well as injunctive relief in the form of having all derogatory information on Plaintiff contained in the GRH's records be expunged and destroyed. [Id. at 4].

By Order entered on May 19, 2009, this Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and allowed his due process claims (pertaining to both the involuntary administration of medications and to the presence of defamatory materials) and excessive force claim to proceed. [Doc. 7 at 4-7, 11-12]. In that Order, this Court dismissed his claims of denial of access to courts, equal protection, and medical malpractice. [Id. at 8-11].

Defendants have filed a pre-answer motion to dismiss pursuant to Rule 12(b)(6). [Doc. 12-1]. They move for dismissal of Plaintiff's action on the following grounds:

(1) Plaintiff is not permitted to proceed in forma pauperis under the "Three Strikes" provision of 28 U.S.C. § 1915(g);

3

(2) Plaintiff has failed to exhaust his available administrative remedies with respect to his due process and excessive force claims;

(3) pursuant to <u>Younger v. Harris</u>, 401 U.S. 37 (1971), this Court should abstain from considering Plaintiff's claim against Dr. Elkon and his requests for equitable relief;

(4) Plaintiff cannot pursue claims for damages against the GRH or the individual defendants in their official capacities because these defendants:

   (a) possess Eleventh Amendment Immunity; and

   (b) are not persons within the meaning of § 1983;

(5) Plaintiff is not entitled to his requested injunctive relief because:

   (a) the requested relief is not sufficiently narrowly drawn and is, therefore, beyond the scope of the PLRA;

   (b) the GRH is protected by Eleventh Amendment immunity; and

   (c) the individual defendants are not in control of the records Plaintiff wants expunged;

(6) Plaintiff has failed to state a procedural due process claim against the individual defendants with regard to both the forced medications and Dr. Elkon's report; and

(7) the individual defendants in their individual capacities are entitled to qualified immunity with regard to Plaintiff's procedural due process claims.

4

[Doc. 26-1 at 3-22].

In his response to Defendants' motion to dismiss, Plaintiff contends that the GRH "has forced medications on [him] since October 2008" without a proper state court order. [Doc. 30 at 1]. Plaintiff further contends that he is mentally competent to stand trial in state court and that "the real reason for [Dr.] Elkon's stating incompetency to stand trial was due to [P]laintiff's nonsatisfaction [sic] of his court appointed attorney." [Id. at 2-3]. On the issue of exhaustion of administrative remedies, Plaintiff states that he has "filed complaints with the advocate (Jerrod Jacobs), Director (Susan Trueblood), and the Department of Human Resources to no avail." [Id. at 1]. Plaintiff further states that his request for access to his medical records has been ignored. [Id. at 2].

In reply, Defendants contend that Plaintiff has failed to address many of the arguments advanced by them in support of their motion to dismiss. [Doc. 31 at 1-2]. Defendants maintain that Plaintiff has failed to exhaust his administrative remedies with respect to his due process and excessive force claims. [Id. at 2-3].

## II.  Motion to Dismiss Standards

Defendants move to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(6). Pursuant to this rule, a federal court must

5

accept as true "all facts set forth in the plaintiff's complaint" and generally must limit "its consideration to the pleadings and exhibits attached thereto." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). However, the court may take judicial notice of public records, including court records, without converting the motion to dismiss to a summary judgment motion. See Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1999). Furthermore, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Id. at 1273 n.1. A complaint, therefore, may not be dismissed under Rule 12(b)(6) "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Rosen v. TRW, Inc., 979 F.2d 191, 194 (11th Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. Discussion

This Court will first consider Defendants' contention that Plaintiff has failed to exhaust his available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996 (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility

6

until such administrative remedies as are available are exhausted."[2] Thus, "when a state provides a grievance procedure [,] . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000).

The PLRA's exhaustion requirement in § 1997e(a) "entirely eliminates judicial discretion and instead mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues.'" Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005) (quoting Booth v. Churner, 532 U.S. 731 741 n.6 (2001)). This requirement is not jurisdictional. Woodford v. NGO, 548 U.S. 81, 101 (2006).

---

[2] In his response to Defendants' motion to dismiss, Plaintiff does not contest the fact that he is a "prisoner." Pursuant to 28 U.S.C. § 1915(h), "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of . . . violations of criminal law . . . ." This Court takes judicial notice of the fact that: (1) on October 8, 2007, Plaintiff was indicted in the DeKalb County Superior Court of carrying a concealed weapon on school property; (2) on September 22, 2008, the DeKalb County Superior Court retained jurisdiction over Plaintiff but transferred him to the GRH for a determination as to whether he is mentally competent to stand trial; and (3) at the time Plaintiff filed his complaint in January, 2009, Plaintiff was a pretrial detainee awaiting trial on the concealed weapon charge. [See Doc. 24-3 at 14-18; DeKalb County Online Judicial Records Search, State v. Pringle, Case No. 07CR4405, available at http://www.co.dekalb.ga.us/superior/index.htm (last refreshed on September 23, 2009)]. Plaintiff, therefore, is considered a "prisoner" pursuant to § 1915(h).

7

Nevertheless, the Eleventh Circuit Court of Appeals has held that the failure-to-exhaust defense is "like a defense for lack of jurisdiction" and should, therefore, be treated as matter in abatement. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir.), cert. denied, 129 S. Ct. 733 (2008). "Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment motion; instead it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'" Id. at 1374-75 (quoting Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368-69 (9th Cir. 1988)).

Following Bryant, the Eleventh Circuit has applied the following two-step process in deciding a motion to dismiss for failure to exhaust administrative remedies:

> [f]irst, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. This process is analogous to judgment on the pleadings under Federal Rule of Civil Procedure 12(c).
>
> If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolved the disputed factual issues related to exhaustion. The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies.

8

> Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies.

Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (citations omitted).

"Where exhaustion-like jurisdiction . . . is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient time to develop the record." Bryant, 530 F.3d at 1376.

In light of the Eleventh Circuit's decisions in Bryant and Turner, this Court will consider matters outside the pleadings when determining whether Defendants' motion to dismiss for lack of exhaustion should be granted.[3] "Pursuant to Georgia Regulation 290-4-6-.07(1)(a), patients being treated in state mental hospitals may file complaints alleging their rights have been violated." [See Doc. 24-4, Affidavit of Jarrett Jacobs ("Jacobs Aff.") at ¶ 5]. This complaint process consists of the following three-steps:

---

[3] The Eleventh Circuit in Bryant explained that the issue involving exhaustion of administrative remedies is not an adjudication on the merits and is, therefore, "unlike a defense under Rule 12(b)(6) for failure to state a claim, which is generally decided on the merits." Bryant, 530 F.3 at 1376 n.12. While Defendants submitted their motion solely pursuant to Rule 12(b)(6), the issue pertaining to lack of exhaustion does not involve an adjudication on the merits for failure to state a claim for relief.

9

(1) the patient first must file a complaint with the hospital's Human Rights Committee; (2) if the Human Rights Committee rejects or fails to resolve the complaint to the patient's satisfaction, the patient may file a request for review by the facility's superintendent; and (3) if the superintendent rejects or fails to resolve the complaint to the patient's satisfaction, the patient may file a request for review with the Director of the Division of Mental Health and Mental Retardation. Ga.Reg. 290-4-6-.07(1)(a).

Defendants assert in their motion to dismiss that Plaintiff failed to exhaust the available administrative remedies outlined in Georgia Regulation 290-4-6-.07(1)(a) with regard to his due process and excessive force claims. [Doc. 26-1 at 7-10; Doc. 31 at 3]. In support, Defendants have submitted the affidavit of Jarrett Jacobs, who is currently employed by the "Georgia Department of Behavioral Health and Development Disabilities as Personal Advocate at" the GRH. [Doc. 24-4, Jacobs Aff. at ¶ 3]. Jacobs states in his affidavit that: (1) through an informal inquiry, Jacobs assisted Plaintiff in gaining "access to his medical records and a competency evaluation;" and (2) through another informal inquiry, Jacobs investigated Plaintiff's concerns regarding the medications prescribed to him. [Id. at ¶¶ 6-7]. Jacobs further states, however, that Plaintiff has not submitted any complaints to the Humans Rights

10

Committee with regard to the "(1) quality of Dr. Elkon's evaluation; (2) the use of forced medication; or (3) the use of force to effect forced medication." [Id. at ¶ 8].

In response to Defendants' motion to dismiss, Plaintiff states that he has filed unspecified "complaints with the advocate (Jerrod Jacobs), Director (Susan Trueblood), and the Department of Human Resources to no avail." [Doc. 30 at 1]. Plaintiff further states that his request for access to the medical records has been ignored. [Id. at 2].

In applying the two-step process outlined in Turner, this Court first must assume that the allegations contained in Plaintiff's responses to Defendants' motions to dismiss are true. Turner, 541 F.3d at 1082 2008 WL 3941976 at *3. Nevertheless, after reviewing the relevant pleadings, no material factual issue exists as to whether Plaintiff exhausted the three-step grievance process available at the GRH. Plaintiff has alleged no facts to indicate that he initiated and completed the first step in the process by filing a complaint containing his due process and excessive force claims with the Human Rights Committee. Because the issue of exhaustion can be resolved at the first level of review under Turner, it is unnecessary for this Court to proceed to the next step and resolve any factual disputes. This Court concludes, therefore, that

11

Plaintiff's due process and excessive force claims are subject to dismissal pursuant to § 1997e(a) based on his failure to exhaust his available administrative remedies as these claims.[4]

IV. **Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that "Franklyn Tucker" is **SUBSTITUTED** for "Frank" as a party defendant in this case.

Accordingly, **IT IS HEREBY ORDERED** that "Octavio Dominguez" is **SUBSTITUTED** for "Octavious Dominiguez" as a party defendant in this case.

Accordingly, **IT IS HEREBY ORDERED** that "Jamie Short" is **SUBSTITUTED** for "Jaymee Short" as a party defendant in this case.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss the amended complaint [Doc. 24-1] is **GRANTED** on the issue of exhaustion, that the instant action is **DISMISSED WITHOUT PREJUDICE**, and that Defendants' motion to stay proceedings [Doc. 25] is **DENIED** as moot. The Clerk of Court is **DIRECTED** to enter judgment against Plaintiff and to **CLOSE** this case.

---

[4] In light of the conclusion that Plaintiff has failed to exhaust his available administrative remedies as to his § 1983 claims, it is unnecessary to address Defendants' additional arguments presented in their motion to dismiss.

AO 72A
(Rev.8/82)

**IT IS SO ORDERED**, this 28th day of September, 2009.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

13